UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MILLINER,

               Plaintiff,

  v.

DAVID DIGUGLIELMO, et al.,

               Defendants.

CIVIL ACTION

No. 08-4905

## **MEMORANDUM**

Plaintiff John Milliner, a prisoner incarcerated at the Pennsylvania State Correctional Institution at Graterford, has filed an action pursuant to 42 U.S.C. § 1983, alleging that numerous defendants were deliberately indifferent to his medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Milliner's complaint also includes state-law claims for medical malpractice and breach of contract. Numerous motions filed by both sides are now before this court.

I first note that, after filing his original complaint on October 14, 2008, plaintiff submitted an amended complaint naming two new defendants on July 31, 2009.[1] Plaintiff subsequently filed a "new amended complaint" on September 29,

---

[1] Plaintiff had a right to this amendment under the version of Rule 15(a)(1) of the Federal Rules of Civil Procedure in effect in July 2009.

1

2009. Before submitting that document, which combined the claims in the initial complaint with those in the amended complaint, Milliner filed a request for "this court [to] accept the plaintiff's amended petition as an addition to the plaintiff's originally filed complaint, and treat both complaints as one civil complaint." This court construes this request as a motion to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. As all of the named defendants have responded to this complaint by filing motions to dismiss pursuant to Rule 12(b)(6), and as no defendant asserts that the amendment should be denied, the motion is granted as uncontested pursuant to Local Rule 7.1(c).

Before plaintiff filed the newest version of his complaint, defendants submitted a number of motions to dismiss the earlier versions of the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Similar motions have now been filed with regard to the latest complaint, and the earlier motions will be denied as moot.

Plaintiff has filed four requests for discovery which plaintiff argues is necessary to assist him in responding to the motions to dismiss. Rule 12(b)(6) motions, however, are meant to test whether the plaintiff "'is entitled to offer evidence'" – gleaned through discovery – "'to support [his] claims.'" *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Discovery is therefore premature at this time, and plaintiff's motions will accordingly be denied without prejudice.

Plaintiff may seek discovery on any claims that remain following this court's disposition of defendants' motions to dismiss.

On July 29, 2009, meanwhile, plaintiff filed a motion for a default judgment against defendant Carroll Osgood, who had not yet responded to plaintiff's original complaint. In August 2009, Osgood filed a motion to dismiss that complaint, which plaintiff moved to strike. All of those filings occurred before plaintiff filed his new amended complaint in September 2009, and "[t]he law is well-settled that an amended complaint supersedes the original complaint[,] rendering it of no legal effect." *U.S. ex rel. SimplexGrinnell, L.P. v. Aegis Ins. Co.*, No. 08-cv-1728, 2009 WL 577286, at *1 (M.D. Pa. Mar. 5, 2009). As a result, the plaintiff's request for a default judgment and his motion to strike are now both moot. *Id.* at *2 (citing cases); *accord, e.g.*, *Haamid v. United States*, No. 89-cv-780, 1990 WL 210610, at *1 (E.D. Pa. Dec. 18, 1990).

Plaintiff's motion to compel this court to rule on his pending motions will, in light of the order accompanying this memorandum ruling on those motions, also be denied as moot.

The most recent motion filed by plaintiff is one to stay this case. In that motion, plaintiff states that his medical conditions render him unable to type or handwrite further pleadings and responses in this case. On September 30, 2009, meanwhile, this court granted plaintiff's request for counsel and referred this case to the Pro Se Prisoner Civil Rights Panel for consideration. As of February 8,

2010, this case remains twenty-seventh in line for the appointment of counsel from that panel. Plaintiff may therefore need to wait for a long time before counsel is appointed. Based on plaintiff's previous submissions, this court assumes that his preference is to wait for the appointment of counsel. If plaintiff would prefer to, and is able to, proceed *pro se*, he should so inform this court within thirty days of the date listed on the order accompanying this memorandum. The case will be stayed for that thirty-day period, and if plaintiff does not indicate that he would like to proceed *pro se*, this court will thereafter direct the Clerk to place this case in civil suspense pending the appointment of counsel from the Pro Se Prisoner Civil Rights Panel.[2] Finally, because plaintiff's motion for a stay indicates that he may not have received copies of this court's orders (1) granting his motion for the appointment of counsel, and (2) granting the motion of Frank J. Hartye, Esq. to appear *pro hac vice* in this matter on behalf of defendant Osgood, the Clerk will be directed to forward copies of those orders to plaintiff contemporaneously with copies of this memorandum and the accompanying order.

---

[2] I note that several of the defendants have, through counsel, asked that plaintiff be required to respond to their motion to dismiss within twenty days or face dismissal of this action for lack of prosecution. This request was filed three months after plaintiff sought a stay in this case and does not address plaintiff's rationale for seeking a stay. This court will therefore deny defendants' request.

4